## (December 14, 1959)

■ In the Matter of the Application of RICHARD A. DEBS for Admission to the Bar.— Application for admission to the Bar denied upon the ground that the applicant has failed to furnish satisfactory proof that he is and has been an actual resident of the State of New York for not less than six months immediately preceding the making of such application for admission as required by paragraph (3) of subdivision (f) of rule 1 of the Rules of Civil Practice. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ROBERT J. McNULTY, Defendant.— Motion to dismiss indictment returned by the Grand Jury of the Extraordinary Special and Trial Term of the Supreme Court of Suffolk County, indicting defendant for grand larceny in the first degree. Motion granted, indictment dismissed and defendant discharged from custody. Present — Wenzel, Acting P. J., Beldock, Ughetta and Kleinfeld, JJ.; Murphy, J., deceased.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. KENSON D. MERRILL, ARTHUR J. CALACE, JR., and CARL H. HOFFMAN, Defendants.— Motion by defendant Calace to dismiss an indictment returned by the Grand Jury of the Extraordinary Special and Trial Term of the Supreme Court of Suffolk County denied. Present — Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ.; Murphy, J., deceased.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. HOWARD B. WAKEMAN, Defendant.— Motion to dismiss indictment returned by the Grand Jury of the Extraordinary Special and Trial Term of the Supreme Court of Suffolk County, indicting defendant for grand larceny in the first degree. Motion granted, indictment dismissed and defendant discharged from custody. Present — Wenzel, Acting P. J., Beldock, Ughetta and Kleinfeld, JJ.; Murphy, J., deceased.

■ JOSEPH BERKOVITZ, Respondent, v. JAMES A. WOOTEN, Appellant.— In an action to recover a balance alleged to be due under a written agreement, the appeal is (1) from an order entered November 12, 1958 granting respondent's motion for summary judgment striking out the answer, (2) from the judgment entered thereon, and (3) from so much of an order entered December 22, 1958 as on rehearing adhered to the original determination. Order entered December 22, 1958, insofar as appealed from, and judgment unanimously affirmed, with one bill of $10 costs and disbursements. No opinion. Appeal from order entered November 12, 1958 dismissed, without costs. (*Mascia* v. *Torinese*, 9 A D 2d 772.) Present — Nolan, P. J., Wenzel, Beldock and Kleinfeld, JJ.; Murphy, J., deceased.

■ WILLIAM A. BRENNAN, Respondent, v. MERSEY & HUDSON WHARFAGE CORPORATION, Appellant.— In an action to recover unpaid overtime wages, liquidated damages, and legal expenses pursuant to the Fair Labor Standards Act (U. S. Code, tit. 29, §§ 201–219), the appeal is from a judgment entered after trial before the court without a jury in favor of respondent. Judgment reversed on the law, with costs, and complaint dismissed. The findings of fact are affirmed. It is undisputed that respondent was engaged as "the security officer" of appellant, at a fixed salary of over $100 a week. He continuously supervised the guard force. With the general superintendent he laid out plans to protect the cargo, including the hiring and placement of extra guards. He interviewed applicants for employment as watchmen. His suggestions as to hiring and firing were generally followed. He was not compelled to obtain a watchman's license from the Waterfront Commission of New York Harbor and so was not required to join a union. As one engaged in an executive and